IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03492-BNB

ERIC CHAPMAN,

      Applicant,

v.

ARCHULETA, Warden, and
JOHN SUTHERS, The Attorney General of the State of Colorado,

      Respondents.

---

## ORDER OF DISMISSAL

---

Applicant, Eric Chapman, has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 9). Mr. Chapman is challenging the validity of his conviction in the Arapahoe County District Court, Case Number 06CR2462.

On February 27, 2014, Magistrate Judge Boyd N. Boland ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondents intended to raise either or both of those defenses in this action. After being granted an extension of time, Respondents filed their Pre-Answer Response (ECF No. 16) on April 4, 2014. Mr. Chapman has not filed a reply to the Pre-Answer Response despite being given an opportunity to do so.

The Court must construe the Application liberally because Mr. Chapman is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an

advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated

below, the Court will dismiss the action because the claims are procedurally barred.

## I. BACKGROUND

The Colorado Court of Appeals summarized the state court proceedings relevant

to the conviction and sentence as follows:

> Following a jury trial, defendant was found guilty of three
> counts of sexual assault on a child by one in a position of
> trust –pattern of abuse, and three counts of aggravated
> incest – natural child under twenty-one. Before sentencing,
> defendant filed a "Motion for Judgment of Acquittal and In
> The Alternative Motion for New Trial and Motion for
> Reconsideration of Evidentiary Rulings" (motion for judgment
> of acquittal). The trial court denied the motion.
>
> Defendant was sentenced to eight years to life in the
> Department of Corrections (DOC) on each of the sexual
> assault charges and four years to life in the DOC on each of
> the aggravated incest charges, with all six sentences running
> concurrently. He appealed and a division of this court
> affirmed the conviction. *People v. Chapman*, (Colo. App. No.
> 07CA1629, June 24, 2010) (not published pursuant to
> C.A.R. 35(f)).
>
> Defendant later filed a pro se Crim. P. 35(c) motion for
> postconviction relief. The trial court summarily denied the
> motion, finding that "all of the claims set forth in [d]efendant's
> [Crim. P.] 35(c) motion are successive because they were
> previously raised in [d]efendant's motion for judgment of
> acquittal" and, alternatively, that defendant's motion failed to
> provide "specific facts to support th[e] bare and conclusory
> assertion[s]." This appeal follows.

*People v. Chapman*, No. 11CA2618, slip op at 1-2 (Colo. App. March 7, 2013)

(unpublished) (ECF No. 16-7 at 2-3).  The Colorado Court of Appeals affirmed the trial

court's order denying six claims for postconviction relief because the claims could have

2

been raised in the direct appeal. *See id.* at 4.  The Court of Appeals also refused to

address three claims that were not raised in Mr. Chapman's postconviction motion and

not addressed in the trial court's order giving rise to the appeal. *Id.* at 4-5.

Mr. Chapman initiated the instant action on December 26, 2013, and the

Application was filed on February 25, 2014.  He asserts the following seven claims:

Claim 1: Did the trial court abuse it's authority after allowing the
prosecution to re litigate the defendants acquittal case #02CR1631 when
the trial court failed to instruct the jury concerning the common law
doctrine of Res Judica Pro Vertate Accipture when required to do so by
the defense?

Claim 2: Did the trial court abuse it's authority, when over defense
objections it allowed the prosecution to argue that there was no evidence
that Justine had ever been in trouble with the police or abused in any state
or foster care facility,? After allowing the prosecutor to redact any and all
references of problems from the discovery?

Claim 3: Did the trial court abuse it's authority by allowing the prosecution
to use the rape shield statute to prevent the defense from defending
himself,? When the defense was instructed not to talk about Justine being
arrested by the police for sexual assault.

Claim 4: Did the trial court abuse it's authority by allowing the prosecution
over defense objection to argue in his closing statements the incorrect
standard for finding beyond a reasonable after over defense objection the
prosecution was allowed to tell the jury that he did not have to prove his
case to any kind of certainty?

Claim 5: Did the trial court abuse it's authority when it allowed the
prosecution to present it's expert witness without endorsing expert,
presenting any affidavit or list of qualifications to the defense before the
trial, after defense objection to this witness?

Claim 6: Did the trial abuse it's authority by allowing the prosecution to
build it's case against the defendant by using the word of an admitted
perjure, thus creating his missing corpus-delicti allowing the defendant to
be retried on his acquittal? And allowing the prosecution to blend the
defendants acquittal case and the present case together?

Claim 7: Did the trial court abuse it's authority by allowing the prosecution

over defense objection, the prosecution under rule 404(B) to re litigate the
defendants acquittal case #02CR1613 which included the same parties,
the same false confession and the same detective who was not part of this
case. After the prosecution said that he did not have to prove his case to
any certainty.

(ECF No. 9 at 6-14).

## II.  ONE-YEAR LIMITATION PERIOD

Respondents concede that this action is not barred by the one-year limitation

period in 28 U.S.C. § 2244(d).

## III.  EXHAUSTION OF STATE REMEDIES

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus

may not be granted unless it appears that the applicant has exhausted state remedies

or that no adequate state remedies are available or effective to protect the applicant's

rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kan. State*

*Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).  The exhaustion requirement is

satisfied once the federal claim has been presented fairly to the state courts. *See*

*Castille v. Peoples*, 489 U.S. 346, 351 (1989).  Fair presentation requires that the

federal issue be presented properly "to the highest state court, either by direct review of

the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been

presented to the state courts in order to satisfy the fair presentation requirement. *Picard*

*v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252

(10th Cir. 1989).  Although fair presentation does not require a habeas corpus petitioner

to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal

quotation marks omitted), "[i]t is not enough that all the facts necessary to support the

4

federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam).  A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted.  *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).  A state prisoner bringing a federal habeas corpus action bears the burden of showing he has exhausted all available state remedies.  *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

## IV.  PROCEDURAL DEFAULT

Respondents argue that all seven claims in Mr. Chapman's habeas application are procedurally barred.

If a habeas applicant "failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred ... there is a procedural default ." *Coleman v. Thompson,* 501 U.S. 722, 735 n. 1 (1991); *see also Harris v. Reed,* 489 U.S. 255, 269–70 (1989); *Anderson v. Sirmons,* 476 F.3d 1131, 1139 n. 7 (10th Cir.2007) ("'Anticipatory procedural bar' occurs when the federal courts apply procedural bar to an unexhausted claim that would be procedurally barred under state law if the petitioner returned to state court to exhaust it.") (citation omitted).  Thus, as a general rule, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the federal violation, or demonstrate that failure to consider the claim will result in a fundamental

miscarriage of justice." *Jackson v. Shanks,* 143 F.3d 1313, 1317 (10th Cir. 1998).  "A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision." *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir. 1998).  A state procedural ground is adequate if it is "applied evenhandedly in the vast majority of cases."  *Id.*  Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns.  *See Coleman*, 501 U.S. at 730.

Although Mr. Chapman filed a direct appeal, he did not assert any of the seven claims raised in his federal habeas application on direct appeal.  He instead asserted them for the first time on postconviction review.  (*Compare* ECF No. 16-3 at 4, 7, 17-30; *with* ECF No. 16-2 at 1-3).  The Colorado Court of Appeals dismissed six claims for postconviction relief as procedurally barred because Mr. Chapman could have, but did not, raise them on direct review, and none of the enumerated exceptions under Crim. P. 35(c)(VII)(a)-(e) and (VIII) applied.  (ECF No. 16-7 at 4).  The remaining three claims were dismissed because they were "not raised in defendant's Crim. P. 35(c) motion nor addressed in the trial court's order giving rise to this appeal."  (*Id.*)

The Court finds that Rule 35(c)(3)(VII) of the Colorado Rules of Criminal Procedure is independent because it relies on state rather than federal law.  The Court also finds that this procedural rule is adequate because it is applied evenhandedly by Colorado courts.  *See, e.g., People v. Walton,* 167 P.3d 163, 169 (Colo. App. 2007) (citing Colo. R.Crim. P. 35(c)(VII) for the proposition that a court shall deny any claim that could have been presented in an appeal previously brought); *People v. Vondra*, 240 P.3d 493, 494 (Colo. App. 2010) (applying Crim P. Rules 35(c)(3)(VI) & (VII) to reject claims actually raised in prior postconviction motion or that could have been raised in a

prior postconviction motion).

The Court also finds that the state appellate court's procedural ruling that it would not consider the remaining three claims that were not raised before the trial court is based on well-established law. *See e.g., Cagle v. People,* 751 P.2d 614, 619 (Colo. 1988) ("It is axiomatic" that appellate courts will not address claims presented for the first time in an appeal); *see also People v. Brown,* 250 P.3d 718, 721–22 (Colo. App. 2010) (declining to consider postconviction claims not raised in postconviction court) (citing, *e.g. People v. Allen,* 199 P.3d 33, 35 (Colo. App. 2007)); *People v. Salyer,* 80 P.3d 831, 835 (Colo. App. 2003). As such, Mr. Chapman's claims in the Application are procedurally defaulted. *See Coleman,* 501 U.S. at 735 n. 1; *Anderson,* 476 F.3d at 1139 n. 7.

Mr. Chapman presents no argument that these state procedural rules are not independent and adequate. Therefore, all seven claims are procedurally defaulted and cannot be considered unless Mr. Chapman demonstrates either cause and prejudice or a fundamental miscarriage of justice.

## V. CAUSE FOR PROCEDURAL DEFAULT

To overcome the procedural default doctrine, an applicant must demonstrate that the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice. *See Jackson*, 143 F.3d at 1317. An applicant's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994). To demonstrate cause for his procedural default, Mr. Chapman must show that some objective factor external to the defense impeded his

ability to comply with the relevant procedural rule.  *See Murray v. Carrier,* 477 U.S. 478, 488 (1986); *United States v. Salazar,* 323 F.3d 852, 855 (10th Cir. 2003).  "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to [applicant]."  *McClesky v. Zant,* 499 U.S. 467, 493–94 (1991) (internal quotation marks omitted).  If Mr. Chapman can demonstrate cause, he also must show "actual prejudice as a result of the alleged violation of federal law."  *Coleman,* 501 U.S. at 750.

A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent."  *Murray,* 477 U.S. at 496; *see also United States v. Cervini,* 379 F.3d 987, 991–92 (10th Cir. 2004).  A "substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare."  *Schlup v. Delo,* 513 U.S. 298, 324 (1995).  To demonstrate a fundamental miscarriage of justice, Mr. Chapman first must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial."  *Id.*  He then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence."  *Id.* at 327.

Mr. Chapman raises no argument that might demonstrate good cause for his procedural default or any resulting prejudice.  He also fails to demonstrate or argue that a failure to consider his claims will result in a fundamental miscarriage of justice.  Therefore, the Court finds that the claims are procedurally barred and the Application will be dismissed for that reason.

8

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he also must pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Application (ECF No. 9) is denied and the action is dismissed because all seven claims in the Application are procedurally barred.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this __7th__ day of _____May_____, 2014.

BY THE COURT:


__s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court